**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Parsippany Corporate Center
Four Century Drive, Suite 350
Parsippany, New Jersey 07054-4663
(973) 734-3200
By: Jaclyn DiLascio Malyk
Attorneys for Plaintiff,
The Prudential Insurance Company of America

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIANNA COPPOLA and JENNIFER HERNANDEZ<br><br>Defendants. | Civil Action No. 1:20-cv-02599<br><br>**ORDER CREATING TRUST, FOR DISTRIBUTION AND DISMISSAL** |

This matter came before the Court by an Interpleader Complaint filed by Plaintiff, Prudential Insurance Company of America's ("Prudential") and

**WHEREAS,** it appearing to the court as follows:

a. Prudential, through the Office of Servicemembers' Group Life Insurance, provided group life insurance benefits to the Department of Veterans Affairs of the United States, pursuant to Servicemembers' Group Life Insurance ("SGLI") 38 U.S.C. § 1965, *et seq*.

b. At all relevant times, the Insured was covered under SGLI for Veterans' Group Life Insurance ("VGLI") coverage in the amount of $250,000.

c.      On or about January 1, 2002, the Insured designated Brianna Coppola ("Brianna") and Dawn M. Coppola ("Dawn"), the Insured's sister, as the co-equal principal beneficiaries of his VGLI coverage.

d.      On or about September 10, 2013, the Insured died in New Jersey.

e.      Following the Insured's death, Prudential paid $125,000.00 out of the $250,000.00 death benefit due as a consequence of the death of the Insured to Dawn in accordance with the Insured's beneficiary designation.

f.      The remaining $125,000.00 ("Remaining Death Benefit') due to Brianna has not been paid.

g.      At the time of the Insured's death, Brianna was a minor and no Letters of Conservatorship were obtained on her behalf.

h.      Upon information and belief, Brianna turned 18 years old on or about May 16, 2019.

i.      Beginning in May 2019, Prudential attempted to contact Brianna in order to invite Brianna to submit a claim to the Remaining Death Benefit.

j.      On October 17, 2019, Jennifer Hernandez ("Jennifer"), Brianna's mother, advised Prudential that Brianna is 18 years old and attends a school for special needs individuals. Jennifer further advised that Brianna is not capable of handling her own affairs and indicated she could handle this matter on Brianna's behalf as her mother.

k.      Jennifer and Brianna live together.

l.      On November 18, 2019, Prudential sent a letter addressed to Brianna, care of Jennifer, indicating its understanding that Brianna may not able to handle her own affairs and

requesting formal guardianship papers or a physician statement advising that Brianna is capable of handling her own affairs.

m. No Letters of Guardianship or physician statement has been submitted to Prudential.

n. Brianna has not submitted a claim to the Remaining Death Benefit. Brianna and Jennifer are domiciled in New York and have both been properly personally served with the Summons and Complaint in this matter in New York Neither defendant filed a response to the Complaint and no excuse for their non-response has been provided. Jennifer, however, appeared telephonically at a status conference in this matter on October 16, 2020, assenting to the terms of the Order herein, and has separately reviewed this Order and approved it.

o. The Court finds that no guardian *ad litem* is necessary for Brianna in this matter.

In light of the foregoing recitals and for good cause shown, it is hereby ORDERED as follows:

1. A Guardian *Ad Litem* is not needed for Brianna and Default Judgment is hereby entered against Brianna.

2. Jennifer (mother of Brianna) is hereby appointed trustee of an irrevocable trust being created pursuant to this Order for the Remaining Death Benefit payable to Brianna, a person with disabilities. Jennifer will hold, administer and distribute the property, for the benefit of Brianna. In the event Jennifer dies before Brianna or otherwise renounces her appointment, the successor trustee shall be Dania Hernandez (sister of Jennifer).

3. Jennifer and any successor trustee will use the Remaining Death Benefit to supplement, not supplant, impair or diminish any benefits or assistance of any Federal, State,

3

County, City, or other governmental entity for which the Brianna may otherwise be eligible or which Brianna may be receiving.

4. The Remaining Death Benefit shall be held, managed, invested and reinvested by Jennifer or any successor trustee, who shall collect the income therefrom and, after deducting all charges and expenses properly attributable thereto,

5. Jennifer, as trustee for Brianna, and any successor trustee, is authorized, in the exercise of absolute discretion and without authorization by any court to pay, distribute or apply the whole or any part of such Remaining Death Benefit or any income therefrom for the care, comfort, maintenance, support, education, or other benefit for Brianna that will better meet Brianna's needs. The Trustee's authority to make distributions shall be limited to purchasing supplemental goods and services in a manner that will not adversely affect Brianna's government benefits.

6. Brianna does not have the power to assign, encumber, direct, distribute or authorize distributions from the trust created under this order.

7. The trust shall terminate upon the death of Brianna. At such time, the Trustee shall distribute any principal and accumulated interest to Amanda Caraballo (sister of Brianna), if living, and if not living to the Estate of Amanda Caraballo.

8. Within 60 days of the date of this Order, Jennifer shall provide Prudential with a W-9 for the Trust created under this Order, completed and executed by Jennifer as Trustee, along with any other documentation required by Prudential to process the claim.

9. Within 30 days of Prudential's receipt of a W-9 completed and executed by Jennifer as Trustee of the Trust created under this Order, this Order, and any other claim paperwork required by Prudential to process the claim, Prudential shall cause a check or checks

4

for the Remaining Death Benefit totaling $125,000.00 to be delivered to Jennifer Hernandez, 673 Beck Street, Apartment 2B, Bronx, New York 10455, payable to "Jennifer Hernandez, as trustee of Trust created under Order dated [ 11/6/2020 ]", i.e., the date of this Order.

10. Upon delivering the Remaining Death Benefit to Jennifer in accordance with this Order, Prudential shall be, and hereby is, discharged from any and all liability to Defendants, Jennifer and Brianna, relating to the Group Policy and/or the Remaining Death Benefit payable thereunder, and Defendants are forever barred from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Prudential, arising out of or in connection relating to the Group Policy and/or the Remaining Death Benefit.

11. All claims, rights, interests and actions that Defendants might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Group Policy and/or the Remaining Death Benefit are hereby released.

12. Any and all claims against Prudential that have been or could have been brought are hereby dismissed with prejudice, and this matter is hereby dismissed with prejudice from this litigation without costs and fees.

13. To the extent Jennifer misappropriates any portion of the Remaining Death Benefit or any income therefrom, Brianna shall have no cause of action against Prudential with regard to such activity, the Remaining Death Benefit and/or the Group Policy.

5

14. The status conference set for November 13, 2020 in this matter is hereby vacated as moot.

It is so ORDERED.

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN, U.S.D.J.
November 6, 2020

6